KINGSBURY, Defendant in Error, *vs.* LANE'S EXECUTORS, Plaintiffs in Error.

1. Proof of the purchase of slaves at a sheriff's sale, and of possession under the purchase, makes a *prima facie* title in an action of replevin.

*Appeal from St. Louis Circuit Court.*

This was an action of replevin, brought in the Circuit Court, by Kingsbury against Lane, in his life time, for two slaves. The only issue to be tried was the traverse of Lane's plea of property in himself; so that the burden of proof lay on him.

To support the issue on Lane's part, there was given in evidence a judgment record, showing a suit by attachment, brought by said Lane against one Cabanné, in which the slaves (identified by a witness as the same) were attached, judgment in favor of Lane in that suit, execution on the judgment, and under that execution a sale and delivery of the slaves by the sheriff to Lane. It was proved also that, immediately after the sale and delivery of the slaves to Lane, they were replevied by Kingsbury, the plaintiff in this suit. There was also verbal testimony tending to prove that said Cabanné married in North Carolina, and brought the said slaves along with his wife, home to Missouri, and left them, with his wife, at his father's house, in the city of St. Louis, for a considerable time.

No testimony was offered or given on the part of Kingsbury, the plaintiff below; and this being the state of the case, the Circuit Court, on motion of the plaintiff below, instructed the jury as follows: "There is no evidence that Lucien D. Ca-

banné, under whom the defendants claim, ever had the title to or the possession of the slaves in controversy, and, therefore, the issue ought to be found for the plaintiff."

Under this instruction, the verdict was necessarily for the plaintiff below. The defendant, Lane, moved to set this verdict aside, on the ground, mainly, that the instruction was erroneous, and for reasons set forth somewhat at large, in the record. The court overruled the motion, and the defendant excepted, and has brought the case here for review. The only question for this court is, whether the Circuit Court erred in giving this instruction.

*E. Bates*, for plaintiff in error. The court erred in telling the jury there was *no* evidence that Cabanné ever had title to or possession of the slaves. There certainly was *some* evidence that he had both title and possession. The inference drawn by the instruction that the title could not be in Lane, *because* Cabanné never had title or possession, is untrue. In proving title, a party is not bound to show his right in the abstract, and against all the world, but only relatively—that it is good against his adversary. Even if the assumption of the instruction as to Cabanné were true, still Lane showed a good title, as against Kingsbury, who sets up no title or possession in himself. Possession alone is a good title against a stranger, who shows no right in himself; and the right of the possessor is increased in strength and dignity when he derives title from a judicial sale.

*T. Polk*, for defendant in error. There was no evidence that Lucien D. Cabanné ever had any title to or possession of the slaves. It was proved that they were not in his possession when levied on by the sheriff. So far as there was any proof at all about title, it tended to show that the title was in Mrs. Cabanné. Of course, if Cabanné had no title, Lane acquired none at the sheriff's sale. But the defendant says that his possession proves property, when in his answer he admits the taking from the plaintiff. If this be correct, then all the defendant in an action of replevin would have to do, would be to

admit in his answer the taking possession of the chattels sued for, and he would have made a *prima facie* case.

RYLAND, Judge, delivered the opinion of the court.

1. From the statement herein, it seems to this court, that the court below did err in giving the instruction mentioned above. The question was, as to the right of possession of the slaves. They had been purchased by Lane at sheriff's sale, under a judgment in favor of Lane, by attachment against Cabanné. The slaves had been attached in that suit. At the sheriff's sale, the negroes had been delivered to Lane, and were immediately thereafter seized by the sheriff under a writ of replevin issued in this case.

The statement above shows at least some evidence of the right of Lane to the negroes. Why must it follow, as a legal conclusion, that, because Cabanné had no title to the slaves, therefore, Lane had none? This is a *non sequitur.*

Lane's purchase at the sheriff's sale, and possession is good against the plaintiff, Kingsbury, as the facts appear on this record; for he offered no evidence and showed no title.

The judgment below is reversed, and cause remanded—Judge Scott concurring.